# EXHIBIT "A"

EFiled: Aug 24 2022 08:47AM EDT
Transaction ID 67965203
Case No. N22C-08-435 EMD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DJUAN WATKINS, : | |
| Plaintiff, : | |
| v. : | C.A. No.: |
| SHEQUEL J. STANFORD, : | |
| SCHNEIDER NATIONAL : | |
| CARRIERS, INC, AND : | |
| GEICO GENERAL INSURANCE : | |
| COMPANY, : | TRIAL BY JURY DEMANDED |
| Defendants. : | |

*(Sheriff's Hands stamp: 2022 AUG 31 AM 8:20 NEW CASTLE COUNTY)*

## SUMMONS

THE STATE OF DELAWARE,
TO SHERIFF OF NEW CASTLE COUNTY:
YOU ARE COMMANDED:

To summon the above-named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Beverly L. Bove, plaintiff's attorney, whose address is 1020 W. 18th Street, Suite 2, Wilmington, DE 19802, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated 8-30-22

COLLEEN REDMOND
PROTHONOTARY
Per Deputy

## TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

**COLLEEN REDMOND**
**PROTHONOTARY**

*Per Deputy*

EFiled: Aug 24 2022 08:47AM EDT
Transaction ID 67965203
Case No. N22C-08-435 EMD

# SUPERIOR COURT
## CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:  N  K  S          CIVIL ACTION NUMBER:

| Caption: | |
|---|---|
| DJUAN WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>SHEQUEL J. STANFORD, SCHNEIDER NATIONAL CARRIERS, INC, AND GEICO GENERAL INSURANCE COMPANY,<br><br>Defendants. | Civil Case Code: __CPIA__<br><br>Civil Case Type: __PERSONAL INJURY__<br>(SEE REVERSE SIDE FOR CODE AND TYPE)<br><br>MANDATORY NON-BINDING ARBITRATION (MNA) __No__<br><br>Name and Status of Party filing document:<br>__DJUAN WATKINS- PLAINTIFF__<br><br>Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>__COMPLAINT__<br><br>JURY DEMAND:  YES _X_  NO ___ |
| ATTORNEY NAME(S):<br>BEVERLY L. BOVE, ESQ.<br>VINCENT J. X. HEDRICK, II, ESQ.<br><br>ATTORNEY ID(S):<br>2013 – BOVE<br>2745 - HEDRICK<br><br>FIRM NAME:<br>BOVE & HEDRICK<br><br>ADDRESS:<br>1020 WEST 18TH STREET<br>P.O. BOX 1607<br>WILMINGTON, DE 19899-1607<br><br>TELEPHONE NUMBER:<br>302-777-3500<br><br>FAX NUMBER:<br>302-777-3805<br><br>E-MAIL ADDRESS:<br>bbove@bevbovelaw.com<br>vhedrick@bevbovelaw.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT OR ANY RELATED CASES THAT HAVE BEEN CLOSED IN THIS COURT WITHIN THE LAST TWO YEARS BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS:<br><br><br>EXPLAIN THE RELATIONSHIP(S):<br><br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

> **THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

Revised 8/18

EFiled: Aug 24 2022 08:47AM EDT
Transaction ID 67965203
Case No. N22C-08-435 EMD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DJUAN WATKINS,                    : | |
| : | |
| Plaintiff,                        : | |
| : | |
| v.                                : | C.A. No.: |
| : | |
| SHEQUEL J. STANFORD,              : | |
| SCHNEIDER NATIONAL                : | |
| CARRIERS, INC, AND                : | |
| GEICO GENERAL INSURANCE           : | |
| COMPANY,                          : | TRIAL BY JURY DEMANDED |
| : | |
| Defendants.                       : | |

## COMPLAINT

1. Plaintiff Djuan Watkins (hereinafter "Plaintiff") resides at 129 Autumn Terrace, Magnolia, DE 19962.

2. Defendant, Shequel J. Stanford, (hereinafter "Defendant Stanford"), upon information and belief, resides at 5815 Bartee Street, Norfolk, VA 23502.

3. Defendant, Schneider National Carriers, Inc., (hereinafter "Defendant Schneider"), is a foreign corporation registered to do business in Delaware, with a registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4. Defendant, GEICO General Insurance Company (hereafter "Defendant GEICO"), is a foreign corporation licensed to engage in the business of insurance

under the laws of the State of Delaware and, as such, service can be perfected upon the Insurance Commissioner of the State of Delaware pursuant to 18 Del. C. §524, et. seq.

5. On or about December 7, 2020, Plaintiff was operating his vehicle northbound on SR1 in the left lane.

6. At the same time, Defendant Stanford, while operating a tractor trailer for her employer, Defendant Schneider, was traveling in the same direction as Plaintiff on northbound SR1 in the right lane a distance behind Plaintiff.

7. At the same time, an unidentified uninsured motorist, was operating a vehicle directly in front of Plaintiff in the lefthand lane of SR 1.

8. For no reason, and without any warning, the unidentified uninsured motorist slammed on the brakes of the uninsured vehicle stopping directly in front of Plaintiff causing Plaintiff to change lanes from the left to the righthand land on SR1. After Plaintiff was in the lefthand lane, Defendant Stanford crashed into the rear of Plaintiff's vehicle causing severe injuries to Plaintiff.

## COUNT I

9. Plaintiff hereby incorporates paragraphs one through eight (1–8) by reference as though fully set forth herein.

10. The aforesaid collision was proximately caused by the negligent conduct of Defendant Stanford in that she:

(a) failed to give full time and attention to the operation of her vehicle in violation of 21 *Del. C.* §4176(b);

(b) failed to maintain a proper lookout in violation of 21 *Del. C.* §4176(b);

(c) failed to maintain control of her vehicle;

(d) drove her vehicle in a careless or imprudent manner in violation of 21 *Del. C.* §4176(a);

(e) failed to operate her vehicle with due regard for road, weather and traffic conditions in violation of 21 *Del. C.* §4176(a);

(f) failed to operate her vehicle at a reasonable and prudent speed under the conditions in violation of 21 *Del. C.* §4168(a);

(g) operated her vehicle more closely than was reasonable and prudent under the conditions in violation of 21 *Del. C.* §4123(a) and (b);

(h) operated her vehicle at excess speed over the speed limit which is absolute evidence of unreasonable speed 21 *Del. C.* §4169.

## COUNT II

11. Plaintiff hereby incorporates paragraphs one through ten (1-10) by reference as though fully set forth herein,

12. At all times relevant, Defendant Schneider was the owner of the vehicle driven by Defendant Stanford, and had permission to operate such vehicle.

13. Defendant Schneider negligently entrusted its vehicle to Defendant Stanford when Defendant Schneider knew or should have known that Defendant Standford was not a responsible driver. As such, Defendant Stanford's negligence is imputed to Defendant Schneider.

14. Additionally, Defendant Stanford was operating Defendant Schneider's vehicle within the scope of Defendant Stanford's employment with Defendant Schneider. As such, Defendant Stanford's negligence is imputed to Defendant Schneider under the doctrine of *respondeat superior*.

## COUNT III

15. Plaintiff hereby incorporates and re-alleges paragraphs one through fourteen (1 –14) by reference as though fully set forth herein.

16. The aforesaid collision was proximately caused by the negligent conduct of the uninsured motorist, in that the uninsured motorist:

   (a) failed to give full time and attention to the operation of the vehicle, in violation of 21 *Del. C.* §4176(b);

   (b) failed to maintain a proper lookout, in violation of 21 *Del. C.* §4176(b);

   (c) failed to maintain control of the vehicle;

(d) drove the vehicle in a careless or imprudent manner, in violation of 21 *Del. C.* §4176(a);

(e) failed to operate the vehicle with due regard for road, weather and traffic conditions, in violation of 21 *Del. C.* §4176(a);

(f) failed to operate the vehicle at a reasonable and prudent speed under the conditions, in violation of 21 *Del. C.* §4168(a);

(g) violated 21 Del. C. §4171 by driving a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic;

(h) violated 21 Del. C. §4179 by stopping on the highway for no reason.

17. Because the collision was caused by the negligent uninsured motorist, Defendant GEICO is responsible for Plaintiff's damages, pursuant to a contract of insurance Defendant GEICO has with Plaintiff providing uninsured motorist coverage.

## COUNT II

18. Plaintiff hereby incorporates and re-alleges paragraphs one through seventeen (1 - 17) by reference as though fully set forth herein.

19. As a direct and proximate result of the aforesaid collision, Plaintiff has suffered and will continue to suffer in the future serious bodily injuries, pain and suffering, inconvenience, mental anguish and disability, some or all of which may be permanent in nature.

20. As a direct and proximate result of the aforesaid collision, Plaintiff has incurred and will incur in the future medical and other expenses related to treatment for his injuries, including, but not limited to, past and future economic loss.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, individually and severally, for special damages, and general, consequential, compensatory, and punitive damages in an amount to be determined by the Court, plus pre-judgment interest pursuant to 6 *Del. C.* §2301(d) and post-judgment interest and costs.

                                        **BOVE & HEDRICK, ATTORNEYS AT LAW**

                                        BY: /s/ Vincent J. X. Hedrick, II
                                                Beverly L. Bove (2013)
                                                Vincent J. X. Hedrick, II (2745)
                                                1020 W. 18th St., Suite 2; P.O. Box 1607
                                                Wilmington, DE  19899; (302) 777-3500
                                                Attorneys for Plaintiff

Date: August 24, 2022

EFiled: Aug 24 2022 08:47AM EDT
Transaction ID 67965203
Case No. N22C-08-435 EMD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DJUAN WATKINS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No.: |
| : | |
| SHEQUEL J. STANFORD, : | |
| SCHNEIDER NATIONAL : | |
| CARRIERS, INC, AND : | |
| GEICO GENERAL INSURANCE : | |
| COMPANY, : | TRIAL BY JURY DEMANDED |
| : | |
| Defendants. : | |

## PLAINTIFF'S ANSWERS TO FORM 30 INTERROGATORIES

1. Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident, which is the subject of the litigation.

   **ANSWER:** Plaintiff; see police report.

2. Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

   **ANSWER:** Other than the plaintiff and plaintiff's attorney, all treating physicians.

3. Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and

employment addresses and telephone numbers of the persons who made said interview and the names and present or last known residential and employment addresses and telephone number of persons who have the original and copies of the interview.

**ANSWER: Objection, to the extent that this interrogatory requests information violative of the attorney client privilege and work product doctrine and is beyond the scope of Superior Court Civil Rule 26. Without waiving and subject to said objections, none.**

4. Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last know residential and employment address and telephone number of the person having the original and copies thereof. (In lieu thereof, a copy can be attached.)

**ANSWER: Objection, to the extent that this interrogatory requests information violative of the attorney client privilege and work product doctrine and is beyond the scope of Superior Court Civil Rule 26. Without waiving and subject to said objections, see police report.**

5. Give the name, professional address and telephone number of all expert witnesses presently retained by the party together with the date of any written opinions prepared by said expert. If an expert is not presently retained, describe by the type the experts whom the party expects to retain in connection with the litigation.

**ANSWER: Objection to the extent that this Interrogatory requests information violative of the attorney-client privilege and work product doctrine and is beyond the scope of Superior Court Civil Rule 26. Without waiving and subject to said objections, Plaintiff reserves the right to identify expert witnesses at trial pursuant to Superior Court Civil Rule 26 and the Case Scheduling Order.**

6. Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation including:

   a. The name and address of all companies insuring the risk;

   b. The policy number(s);

   c. The type of insurance;

   d. The amounts of primary, secondary and excess coverage.

**ANSWER:**

**Geico**
**PO Box 9505**
**Fredericksburg, VA 22403**


7. Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten year period immediately prior to the date of the incident at issue in this litigation.

**ANSWER:**

**Primary Care Physician**
**Dr. Thuya Aye**
**1177 S Governors Ave a, Dover, DE 19904**

                              **BOVE & HEDRICK, ATTORNEYS AT LAW**

                                    /s/ Vincent J. X. Hedrick, II
                                  Beverly L. Bove (DE Id. No. 2013)
                                  Vincent J. X. Hedrick, II (DE Id. No. 2745)
                                  1020 West 18th Street
                                  P. O. Box 1607
                                  Wilmington, DE  19899
                                  (302)777-3500
                                  Attorneys for Plaintiff

Date: August 24, 2022

EFiled: Aug 24 2022 08:47AM EDT
Transaction ID 67965203
Case No. N22C-08-435 EMD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DJUAN WATKINS, | : |
| Plaintiff, | : |
| v. | : C.A. No.: |
| SHEQUEL J. STANFORD, SCHNEIDER NATIONAL CARRIERS, INC, AND GEICO GENERAL INSURANCE COMPANY, | : |
| | : TRIAL BY JURY DEMANDED |
| Defendants. | : |

## PLAINTIFF'S RULE 3(h) STATEMENT

This is a claim for personal injuries. The undersigned attorney hereby certifies that all Rule 3(h) documentation will provide upon request of counsel on behalf of the defendants.

BOVE & HEDRICK ATTORNEYS AT LAW

BY: __/s/ Vincent J. X. Hedrick, III__
Beverly L. Bove (2013)
Vincent J. X. Hedrick, II (2745)
1020 W. 18th St., Suite 2
P.O. Box 1607
Wilmington, DE 19899
(302) 777-3500
Attorneys for Plaintiff

DATE: August 24, 2022